This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

### Trent Walker v. Shaunda Lynch, Tiffany Preston

| | |
|---|---|
| Case Number | 82D01-2306-CT-002902 |
| Court | Vanderburgh Superior Court 1 |
| Type | CT - Civil Tort |
| Filed | 06/20/2023 |
| Status | 06/20/2023 , Pending  (active) |
| Related | Lower Trial Court Case |
| | 23S-SJ-00209 |

## Parties to the Case

Defendant  Lynch, Shaunda
   <u>Address</u>
   FOSTER, O'DANIEL AND HAMBIDGE
   3820 OAK HILL ROAD
   EVANSVILLE, IN 47725

Defendant  Preston, Tiffany
   <u>Address</u>
   United States Attorney Office
   10 West Market Street
   Suite 200
   Indianapolis, IN 42604

Plaintiff     Walker, Trent
   <u>Address</u>
   USP Marion US Penitentiary #17186-028
   P.O Box 1000
   Marion, IL 62959

## Chronological Case Summary

| 06/20/2023 | **Case Opened as a New Filing** | |
|---|---|---|
| 06/20/2023 | **Complaint/Equivalent Pleading Filed** | |
| | Against: | Lynch, Shaunda |
| | Against: | Preston, Tiffany |
| | Filed By: | Walker, Trent |
| | File Stamp: | 06/20/2023 |
| 06/20/2023 | **Jury Trial Demand Filed** | |
| | Jury Trial Demand | |
| | Filed By: | Walker, Trent |
| | File Stamp: | 06/20/2023 |
| 06/20/2023 | **Motion Filed** | |
| | Request for Service of Citation | |
| | Filed By: | Walker, Trent |
| | File Stamp: | 06/20/2023 |
| 06/20/2023 | **Affidavit Filed** | |
| | In Forma Pauperis | |
| | File Date: | 06/20/2023 |
| 06/20/2023 | **Motion Filed** | |
| | Motion for Appointment of Counsel | |
| | Filed By: | Walker, Trent |
| | File Stamp: | 06/20/2023 |

| 06/20/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | Comes now Judge Mary Margaret Lloyd and recuses herself from the herein cause of action due to a conflict of interest; Cause is remanded to the Court Administrator for reassignment to another Judge. djn |
| | Judicial Officer:          Lloyd, Mary Margaret |

| 06/20/2023 | **Administrative Event** |
|---|---|
| | Comes now the Court Administrator and shows this cause reassigned to Judge Leslie C. Shively. LMG/djn |

| 06/20/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | Comes now Judge Les C. Shively and recuses himself from the herein cause of action due to a conflict of interest; Cause is remanded to the Court Administrator for reassignment to another Judge. bmr |
| | Judicial Officer:          Shively, Leslie C |
| | File Stamp:          06/20/2023 |

| 06/20/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | Come now the Judges of Vanderburgh Superior Court and recuse en banc. Case is remanded to Court Administrator for reassignment. lmg |

| 06/20/2023 | **Special Judge Appointed Pursuant to Local Rule TR 79H** |
|---|---|
| | Comes now the Vanderburgh Superior Court Administrator and appoints the Honorable David D. Kiely as Special Judge in this matter. lmg |

| 06/26/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | The Honorable David D. Kiely, Judge, Vanderburgh Circuit Court, recuses himself from this matter due to conflict. Matter is referred back to Court Administrator for appointment of Special Judge. lmg |
| | Judicial Officer:          Kiely, David D |

| 07/07/2023 | **Administrative Event** |
|---|---|
| | Comes now the Court Administrator and appoints The Honorable Krista H. Weiberg as Special Judge in this matter. lmg |

| 07/07/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | The Honorable Krista H. Weiberg recuses as Special Judge due to conflict. Case is returned to Court administrator for reassignment. lmg |

| 07/10/2023 | **Special Judge Assigned** |
|---|---|
| | Comes now the Court Administrator and appoints The Honorable Jeffrey Meade as special judge in this matter. lmg |

| 07/18/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | The Honorable Jeffrey Meade recuses as Special Judge due to conflict. Case is returned to Court Administrator for reassignment. lmg |

| 07/18/2023 | **Special Judge Assigned** |
|---|---|
| | Comes now the Court Administrator and appoints The Honorable Benjamin R. Aylesworth as Special Judge in this matter. lmg |

| 07/19/2023 | **Judge Recuses Jurisdiction** |
|---|---|
| | The Honorable Benjamin Aylsworth recuses due to conflict. The matter is returned to the Court Administrator for reassignment. lmg |

| 07/20/2023 | **Administrative Event** |
|---|---|
| | Comes now the Court administrator and, having exhausted the special judge list for the District, refers this matter to the Indiana Supreme Court for selection of a Special Judge. lmg |

| 07/26/2023 | **Order Issued** |
|---|---|
| | Motion and Order for Supreme Court to Name Special Judge is ordered enterd of record. (Leslie Shively/tb) Entry |
| | Judicial Officer:          Shively, Leslie C |
| | Order Signed:          07/26/2023 |

| 07/27/2023 | **Automated Paper Notice Issued to Parties** |
|---|---|
| | Order Issued ---- 7/26/2023 : Trent Walker;Shaunda Lynch;Tiffany Preston |

| 08/02/2023 | **Order Received from the Court of Appeals** |
|---|---|
| | IT IS, THEREFORE, ORDERED that the Honorable Gregory A. Smith is appointed as special judge to hear this matter in the Vanderburgh County Superior Court. This order vets jurisdiction in Judge Smith. Pursuant to Indiana Trial Rule 79(K), an oath of office is not required. |
| | Order Signed:          08/01/2023 |

| 08/03/2023 | **Automated Paper Notice Issued to Parties** |
|---|---|
| | Order Received from the Court of Appeals ---- 8/2/2023 : Trent Walker;Shaunda Lynch;Tiffany Preston |

| 08/07/2023 | **Administrative Event** |
|---|---|
| | Comes now the Court and gives therespondents 15 days to file a response to the Appointment of Counsel. (Gregory A. Smith, Special Judge/tb) |

| 08/07/2023 | **Special Judge Assumes Jurisdiction** |
|---|---|

Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Walker, Trent**

Plaintiff

Balance Due (as of 08/07/2023)

**167.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 167.00 | 0.00 | 0.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 06/20/2023 | Transaction Assessment | 167.00 |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

IN THE STATE OF INDIANA

VANDERBURGH SUPERIOR COURT
★ **FILED** ★

JUN 20 2023

CLERK

Trent Walker
Plaintiff

§
§
§

vs

§
§
§

Civil Case No.

82D05 2306-CT-2902

Shaunda Lynch
Defendant
Tiffany Jacqueline Preston
Defendant

§
§
§
§

JURY TRIAL DEMANDED

### Complaint in a Civil Action

Comes now, Trent Walker, Plaintiff in the above entitled case number, bringing this suit against the Defendant for Breach of Fiduciary Duty owed to a client (Defendant Lynch) and for Aiding and Abetting Breach of Fiduciary Duty (Defendant Preston). In support of this Civil Action the Plaintiff presents the following:

### I. Procedural History

(1) A sealed complaint and affidavit was approved and signed by Magistrate Judge Tim A Baker as to the Plaintiff, Trent Walker, in case number 3:19-MJ-00091-RLY-MPB, in the United States District Court for the Southern District of Indiana, (Evansville);

(2) Tiffany Jacqueline Preston was assigned from the United States Attorney's Office from Indianapolis, Indiana;

(3) Shaunda Lynch of Foster, O'Daniel, Hambidge and Lynch, Attorneys-at-Law, of 3820 Oak Hill Rd, Evansville, Indiana made her first court appearance as Plaintiff's attorney on August 16, 2019 under the Criminal Justice Act, under which she was assigned to Plaintiff;

(4) On 08/23/2019 the United Sates Court ordered CJA Counsel Shaunda Lynch and such appointment shall be deemed effective as of 08/14/2019, signed by Magistrate Judge Brookman [3:19-MJ-00091-RLY-MPB]

(5) Plaintiff waived his right to a detention hearing with Lynch advising him to do so;  (08/23/2019);

(6) Defendant Lynch did not oppose the government's motion for extension of time filed 08/29/2019 which resulted in a deadline of Nov. 15, 2019 for any indictment or information;

(7) A second motion to extend time to file an indictment by the government was filed on 10/28/2019, which once again was unimposed by Defendant Lynch for Plaintiff;

(8) On 12/30/2019 another motion to extend time to file an indictment was filed by the government and once again unopposed by counsel;

(9) An indictment was not file till 03/03/2020;

(10) On 03/04/2020 there was a discovery order heard in the US District Court, Plaintiff never received a copy;

(11) On 06/17/2021 Plaintiff enters a guilty plea on the advise of Defendant Lynch, after Lynch not having filed an motions to suppress, did not review the discovery with the Plaintiff, did not explain appeals process or collateral attacks, and having failed to properly inform of a previous plea agreement and the ramifications of such;

(12) AN order to withdraw Attorney Shaunda Lynch as to Trent Walker was signed into effect on 01/24/2022.

## II. Plaintiff's Attempts to Review Discovery

1.  On April 20th, 2020, the Plaintiff sent a letter to his Court
appointed Attorney, Shaunda Lynch, requesting the need to discuss
certain issues regarding discovery, including a review of the
discovery itself. He was told that she would not review discovery
with him because she had an agreement with the AUSA to not allow it.

Shortly after this, in April of 2020, he was transferred to
Lexington, Kentucky for a mental health evaluation. The Plaintiff
sent his entire legal file to Shaunda Lynch for safekeeping, since
he could not bring it with him and if left at the jail it would
have been destroyed.

2.  Upon returning from Lexington on September 3, 2020 to the Jail,
the Plaintiff once again requested to review discovery for pre-
trial and requested she return his entire legal file to him.
Regarding discovery, she still refused to review it with him,
once again telling him that she had an agreement with the AUSA
to refuse him access to it. His legal file was not returned.

He continued to request both review of discovery, and the legal
file he had sent her, for the remainder of 2020 and well into the
following year. He was given the same answer, and his requests
for the return of his legal file went unheeded.

3.  After multiple requests made by the Plaintiff for the return of
his legal file, and a review of the discovery, Shaunda Lynch sent
the file on April 13 where the Plaintiff was being held, but the
jail refused to turn it over, claiming it wasn't correctly labeled
as legal mail. He did not receive it. The Plaintiff requested help
with this from his attorney, but his requests went unanswered.

3

4.   From September 2, 2021 through November of 2021, and involving multiple meetings to discuss the plea greement, the Plaintiff requested help from his counsel for help with receiving the legal mail he had sent her. The jail still refused to turn the file over, and his requests were ignored.

Between April of 2020 and November of 2021, the Plaintiff sent multiple letters requesting that she review discovery with him, and help with the jail regarding the return of his legal file. Each time he met with her, he requested to review discovery and was given the same excuse to deny him review: Shaunda Lynch had an agreement with the AUSA to withhold discovery from him. Regardless of the purpose, this imnpedes his ability to properly defend himself, and is immoral, unethical, and improper.

### III. Defendant's Letter Dated March 29, 2023

After arriving at the United States Penitentiary near Marion, Illinois, the Plaintiff wrote his counsel, Defendant Lynch, asking that the entire case file be provided to him for preparation of filing a habeas corpus petition in federal court.

Defendant Lynch responded in a letter dated March 29, 2023 which states:

> "I do not retain the federal materials but even if I did, I sign an agreement with the feds acknowledging I <u>will not</u> provide you with copies of your discovery.
>
> You are otherwise not entitled to any work product I may possess - which I do not.
>
> You may request a copy of your case file from the AUSA office in Indy. As as aside, I am not a member of the American Bar Association - so their "standards" you refer are unknown and don't apply to me."

See Exhibit " A ".

This letter was on paper with a letter head from Foster, O'Daniel, Hambidge & Lynch.

The above entitled law firm is located at 3820  Oak Hill Rd, Evansville, Indiana 47711, which gives this Court jurisdiction to hear the issues in this case.

IV. Defendant Lynch's Fiduciary Duty

Owed To Plaintiff

The relationship between an attorney and client is of a
fiduciary nature. Sanders v Townsend, 582 N.E. 2d 355, 358 (Ind.
1991). "No rule of law is more firmly established than that - 'A
fiduciary relationship exists between attorney and client, and the
confidence which the relatioship begats between the parties makes
it necessary for the attorney to act in utmost faith.'" ID. citing
American-Canadian Oil & Drilling Corp. v Aldridge & Shroud Inc.,
237 Ark. 407, 373 S.W. 2d 148, 150 (1963)(quoting Norfleet v
Stewart, 180 Ark. 161, 20 S.W. 2d 868 (1929)). An attorney's
fiduciary duties are critical to the effective representation of
his client and fundamental to the workings of our legal system.
Sanders, 582 N.E. 2d at 358. "They cannot be breached without
consequences to the attorney." Id.

A breach of fiduciary duty claim is "entirely different" from a
legal malpractice claim. Price Waicukauski & Riley, LLC v Murray,
47 Supp. 3d 810, 825 (S.D. Ind. 2014). "To prove a breach of
fiduciary duty claim, a plaintiff must establish: (1) the existence
of a fiduciary relationship; (2) a breach of the duty owed by the
fiduciary to the beneficiary; and (3) harm to the beneficiary."
Hill Fulwider P.C. v Swindell-Dressler Int'l Co., No. 1:15-cv-01554-
JMS-TAB, 2017 U.S. Dist. LEXIS 14475, at *7 (S.D. Ind. Feb. 2,
2017).

There can be no dispute that Lynch - as the attorney - owed a
fiduciary duty to the Plaintiff, her client. As such, Lynch was
bound to "faithfully, honestly, and consistently represent the

6

interest and protect the rights of [her] client..., discharge [her] duties to [her] client with the strictest fidelity, to observe the highest and utmost good faith, and to inform [her] client promptly of any known information important to [him]." <u>Bell v Clark</u>, 653 N.E. 2d 483, 489-90 (Ind. Ct. 1995)(quoting <u>Blasche v Himelick</u>, 140 Ind. App. 255, 210 N.E. 2d 378, 381 (1965)).

## V. Plaintiff's Plea Agreement

In the United States District Court, of the Southern District of Indiana the Plaintiff, signed a plea agreement which waived his rights to an appeal, but not his rights to file an Ineffective Assistance of Counsel claim against his Court appointed attorney. (Case No. 3:20-cr-12-RLY-MPB)(See: Pgs. 20-22 of the Plea Agreement);

"[I]n exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute(s) to which the Defendant is pleading guilty on constitutional grounds[.]" (page 20, lns 15-17);

"As concerns the Section 2255 waiver, the waiver does not prevent claims, either in direct or collateral review, that the Defendant received ineffective assistance of counsel." (page 22, ¶ 1, lns 10-12);

With the Plaintiff's Defense Attorney colluding with the United States Government, by entering into an agreement to hold his case file from him, it blocks to Plaintiff's ability to expand on an ineffective assistance of counsel claim. This action was improper, unethical and immoral. (See Exhibit "A ");

8

## VI. Plaintiff's Right to His Case File

The Plaintiff is entitled to the case file for several
reasons. First, because the case file was created during the
period of time in which Defendant Lynch represented Plaintiff,
it is his property. See Hiat v Clark, Ky. No. 2002-SC-000455-MR
(6/15/06). Second, both the law and the American Bar Association
recognize that there is a duty not to impede any attempts to
challenge the conviction and/or sentence in a habeas action. See
ABA Standards for Criminal Justice, Defense Functions Standards
and Commentary ('the resounding message is that defense attorneys,
because of their intimate knowledge of the trail proceedings
and their possession of unique information regarding possible
post-conviction claims, have an obligation to cooperate with their
client's attempt to challenge their convictions.") United States
v Dorman, 58 M.J. 295 (C.A.A.F. 2003); Hiat v Clark, supra. See
also Maxwell v Florida, 479 U.S. 972, 107 S. Ct. 474 (1986)("The
right to effective assistance fully encompasses the client's right
to obtain from trial counsel the work files generated during and
pertinent to that client's defense. It further entitles the client
to utilize materials contained in these files in any proceeding at
which the adequacy of trial counsel's representation may be
challenged"); Spivey v Zant, 683 F.2d 881, 885 (5th Cir. 1982)
(Habeas corpus petitioner is entitled to former trial attorneys
file and the work-product doctrine does not apply to situations
in which the client seeks access to documents or other tangible
things created during course of attorney's representation).

### VII. Defendant Preston's Aiding and Abetting
### to Breach Plaintiff's Attorney's Fiduciary Duty

According to the letter from Defendant Lynch (Exhibit " A ") the Assistant United States Attorney made a deal with Defendant Lynch to sign an agreement not to disclose any discovery or parts of the case file to the Plaintiff. This violates the terms of the plea agreement, as stated previously, and is unethical as the Plaintiff retained his right top file ineffective assistance of counsel, as stated previously.

Taking action to impede the production of the client's file creates a barrier to filing any claims of ineffectiveness. Without the case file, which belongs to the client, there would be no way to investigate claims nor put together evidence of existing claims.

Under Indiana laws and State Bar rules this is aiding and abetting to breach an attorney's fiduciary duty owed to a client.

"A breach of fiduciary duty is a tort claim for injury to personal property." See City of E. Chicago, Ind. v E. Chicago Second Century, Inc., 908 N.E.2d 611, 618 (Ind. 2009).

The Seventh Circuit has observed aiding and abetting liability is not a separate or independent tort, but rather a theory for holding a person liable who knowingly assists ("aids and abets" in legal parlance) a wrongdoer. See Hefferman v Bass, 467 F.3d 596, 601 (7th Cir. 2006).

Indiana courts recognize liability for breach of fiduciary duty. See G & N Aircraft, Inc v Boehm, 743 N.E.2d 227, 238 (Ind. 2001).

10

They also recognize aiding and abetting liability for torts in general. See Pinkney v Thomas, 583 F. Supp.2d 970, 978-979 (N.D. Ind. 2008)("Indiana courts have adopted Section 876 of the Restatement (Second) of Torts concerning aiding and abetting... for both intentional torts and negligence actions").

Hellums v Raber, 853 N.E.2d 143, 146-147 (Ind. Ct. App. 2006) (applying derivative liability rules to negligence claim).

Malone v Walls, 538 F.3d 744 (7th Cir. 2008) states in part: "[W]ith regard to a claim of ineffective assistance of counsel, prejudice may be based on the cumulative effect of multiple errors. Although a specific error, standing alone, may be insufficient to undermine the court's confidence in the outcome, multiple errors together may be sufficient."

Without access to the entire case file, the Plaintiff is unable to fully pursue these claims.

11

## VIII. Right to Punitive Damages

An award of punitive damages may be sustained where an attorney commits legal malpractice and/or breaches the fiduciary duty owed to the client. Punitive damages may be awarded upon clear and convincing evidence that the defendant acted with malice, fraud, gross negligence or oppressiveness which was not the result of a fact or law, honest error in judgement, overzealousness, mere negligence, or other human failing. Punitive damages are imposed to deter the defendant and others from engaging in like conduct in the future. All awards of punitive damages must be supported by a finding that the public interest will be served by punishing the wrongdoer. Punitive damages are especially appropriate if the wrongdoer occupies a position of trust with members of the general public as well as the victim. Under Ind. Code § 34-51-3-4, an award of punitive damages may not be more than the greater of: (1) three times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000).

## IX. Jury Trial Demanded

The Plaintiff demands that his rights to a jury trial is fully protected and unassailable.

Prayer For Relief

Wherefore, comes now, Trent Walker to pray this Honorable Court will grant him relief of Breach Of Fiduciary DUty and proceed to a jury trial to resolve the foregoing issues. And anything else the Court deems just and proper.

Respectfully Submitted,


_Trent A Walker_          6/ 7/2023
Trent Walker - 17186-028

Pro se

13

Exhibit "A"

Letter from Foster, O'Daniel Hambridge & Lynch
Dated: March 29, 2023

14

Date: 06/06/2023
Time: 3:03:46 PM

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Sensitive But Unclassified

Facility: MAR

## General Information

| | | | |
|---|---|---|---|
| Inmate Reg#: | 17186028 | Living Quarter: | D04-007L |
| Inmate Name: | WALKER, TRENT | Arrived From: | LEX |
| Current Site Name: | Marion USP | Transferred To: | |
| Housing Unit: | MAR-D-A | Account Creation Date: | 4/13/2020 |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max. Balance -Prev. 30 Days | Average Balance- Prev. 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $2,866.32 | $2,947.86 | $259.65 | $505.21 | $348.51 | N/A | N/A |

Page 6

IN THE STATE OF INDIANA

VANDERBURGH SUPERIOR COURT
★ FILED ★

JUN 20 2023

CLERK

Trent Walker
Plaintiff

§
§
§
§

vs

§
§

Shaunda Lynch
Defendant
Tiffany Jacqueline Preston
Defendant

§
§
§
§

Civil Case No.
82D052306-CT-2902

JURY TRIAL DEMANDED

### Complaint in a Civil Action

Comes now, Trent Walker, Plaintiff in the above entitled case number, bringing this suit against the Defendant for Breach of Fiduciary Duty owed to a client (Defendant Lynch) and for Aiding and Abetting Breach of Fiduciary Duty (Defendant Preston). In support of this Civil Action the Plaintiff presents the following:

### I. Procedural History

(1) A sealed complaint and affidavit was approved and signed by Magistrate Judge Tim A Baker as to the Plaintiff, Trent Walker, in case number 3:19-MJ-00091-RLY-MPB, in the United States District Court for the Southern District of Indiana, (Evansville);

(2) Tiffany Jacqueline Preston was assigned from the United States Attorney's Office from Indianapolis, Indiana;

(3) Shaunda Lynch of Foster, O'Daniel, Hambidge and Lynch, Attorneys-at-Law, of 3820 Oak Hill Rd, Evansville, Indiana made her first court appearance as Plaintiff's attorney on August 16, 2019 under the Criminal Justice Act, under which she was assigned to Plaintiff;

(4) On 08/23/2019 the United Sates Court ordered CJA Counsel
Shaunda Lynch and such appointment shall be deemed effective
as of 08/14/2019, signed by Magistrate Judge Brookman
[3:19-MJ-00091-RLY-MPB]

(5) Plaintiff waived his right to a detention hearing with Lynch
advising him to do so;  (08/23/2019);

(6) Defendant Lynch did not oppose the government's motion for
extension of time filed 08/29/2019 which resulted in a deadline
of Nov. 15, 2019 for any indictment or information;

(7) A second motion to extend time to file an indictment by the
government was filed on 10/28/2019, which once again was
unimposed by Defendant Lynch for Plaintiff;

(8) On 12/30/2019 another motion to extend time to file an indictment
was filed by the government and once again unopposed by counsel;

(9) An indictment was not file till 03/03/2020;

(10) On 03/04/2020 there was a discovery order heard in the US
District Court, Plaintiff never received a copy;

(11) On 06/17/2021 Plaintiff enters a guilty plea on the advise
of Defendant Lynch, after Lynch not having filed an motions
to suppress, did not review the discovery with the Plaintiff,
did not explain appeals process or collateral attacks, and
having failed to properly inform of a previous plea agreement
and the ramifications of such;

(12) AN order to withdraw Attorney Shaunda Lynch as to Trent
Walker was signed into effect on 01/24/2022.

2

## II. Plaintiff's Attempts to Review Discovery

1.  On April 20th, 2020, the Plaintiff sent a letter to his Court
appointed Attorney, Shaunda Lynch, requesting the need to discuss
certain issues regarding discovery, including a review of the
discovery itself. He was told that she would not review discovery
with him because she had an agreement with the AUSA to not allow it.

    Shortly after this, in April of 2020, he was transferred to
Lexington, Kentucky for a mental health evaluation. The Plaintiff
sent his entire legal file to Shaunda Lynch for safekeeping, since
he could not bring it with him and if left at the jail it would
have been destroyed.

2.  Upon returning from Lexington on September 3, 2020 to the Jail,
the Plaintiff once again requested to review discovery for pre-
trial and requested she return his entire legal file to him.
Regarding discovery, she still refused to review it with him,
once again telling him that she had an agreement with the AUSA
to refuse him access to it. His legal file was not returned.

    He continued to request both review of discovery, and the legal
file he had sent her, for the remainder of 2020 and well into the
following year. He was given the same answer, and his requests
for the return of his legal file went unheeded.

3.  After multiple requests made by the Plaintiff for the return of
his legal file, and a review of the discovery, Shaunda Lynch sent
the file on April 13 where the Plaintiff was being held, but the
jail refused to turn it over, claiming it wasn't correctly labeled
as legal mail. He did not receive it. The Plaintiff requested help
with this from his attorney, but his requests went unanswered.

3

4.   From September 2, 2021 through November of 2021, and involving multiple meetings to discuss the plea greement, the Plaintiff requested help from his counsel for help with receiving the legal mail he had sent her. The jail still refused to turn the file over, and his requests were ignored.

Between April of 2020 and November of 2021, the Plaintiff sent multiple letters requesting that she review discovery with him, and help with the jail regarding the return of his legal file. Each time he met with her, he requested to review discovery and was given the same excuse to deny him review: Shaunda Lynch had an agreement with the AUSA to withhold discovery from him. Regardless of the purpose, this imnpedes his ability to properly defend himself, and is immoral, unethical, and improper.

4

### III. Defendant's Letter Dated March 29, 2023

After arriving at the United States Penitentiary near Marion, Illinois, the Plaintiff wrote his counsel, Defendant Lynch, asking that the entire case file be provided to him for preparation of filing a habeas corpus petition in federal court.

Defendant Lynch responded in a letter dated March 29, 2023 which states:

"I do not retain the federal materials but even if I did, I sign an agreement with the feds acknowledging I <u>will not</u> provide you with copies of your discovery.

You are otherwise not entitled to any work product I may possess - which I do not.

You may request a copy of your case file from the AUSA office in Indy. As as aside, I am not a member of the American Bar Association - so their "standards" you refer are unknown and don't apply to me."

See Exhibit " A ".

This letter was on paper with a letter head from Foster, O'Daniel, Hambidge & Lynch.

The above entitled law firm is located at 3820 Oak Hill Rd, Evansville, Indiana 47711, which gives this Court jurisdiction to hear the issues in this case.

IV. Defendant Lynch's Fiduciary Duty

Owed To Plaintiff

The relationship between an attorney and client is of a fiduciary nature. Sanders v Townsend, 582 N.E. 2d 355, 358 (Ind. 1991). "No rule of law is more firmly established than that - 'A fiduciary relationship exists between attorney and client, and the confidence which the relatioship begats between the parties makes it necessary for the attorney to act in utmost faith.'" ID. citing American-Canadian Oil & Drilling Corp. v Aldridge & Shroud Inc., 237 Ark. 407, 373 S.W. 2d 148, 150 (1963)(quoting Norfleet v Stewart, 180 Ark. 161, 20 S.W. 2d 868 (1929)). An attorney's fiduciary duties are critical to the effective representation of his client and fundamental to the workings of our legal system. Sanders, 582 N.E. 2d at 358. "They cannot be breached without consequences to the attorney." Id.

A breach of fiduciary duty claim is "entirely different" from a legal malpractice claim. Price Waicukauski & Riley, LLC v Murray, 47 Supp. 3d 810, 825 (S.D. Ind. 2014). "To prove a breach of fiduciary duty claim, a plaintiff must establish: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." Hill Fulwider P.C. v Swindell-Dressler Int'l Co., No. 1:15-cv-01554-JMS-TAB, 2017 U.S. Dist. LEXIS 14475, at *7 (S.D. Ind. Feb. 2, 2017).

There can be no dispute that Lynch - as the attorney - owed a fiduciary duty to the Plaintiff, her client. As such, Lynch was bound to "faithfully, honestly, and consistently represent the

6

interest and protect the rights of [her] client..., discharge [her] duties to [her] client with the strictest fidelity, to observe the highest and utmost good faith, and to inform [her] client promptly of any known information important to [him]." Bell v Clark, 653 N.E. 2d 483, 489-90 (Ind. Ct. 1995)(quoting Blasche v Himelick, 140 Ind. App. 255, 210 N.E. 2d 378, 381 (1965)).

## V. Plaintiff's Plea Agreement

In the United States District Court, of the Southern District of Indiana the Plaintiff, signed a plea agreement which waived his rights to an appeal, but not his rights to file an Ineffective Assistance of Counsel claim against his Court appointed attorney. (Case No. 3:20-cr-12-RLY-MPB)(See: Pgs. 20-22 of the Plea Agreement);

"[I]n exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute(s) to which the Defendant is pleading guilty on constitutional grounds[.]" (page 20, lns 15-17);

"As concerns the Section 2255 waiver, the waiver does not prevent claims, either in direct or collateral review, that the Defendant received ineffective assistance of counsel." (page 22, ¶ 1, lns 10-12);

With the Plaintiff's Defense Attorney colluding with the United States Government, by entering into an agreement to hold his case file from him, it blocks to Plaintiff's ability to expand on an ineffective assistance of counsel claim. This action was improper, unethical and immoral. (See Exhibit "A ");

8

## VI. Plaintiff's Right to His Case File

The Plaintiff is entitled to the case file for several reasons. First, because the case file was created during the period of time in which Defendant Lynch represented Plaintiff, it is his property. See Hiat v Clark, Ky. No. 2002-SC-000455-MR (6/15/06). Second, both the law and the American Bar Association recognize that there is a duty not to impede any attempts to challenge the conviction and/or sentence in a habeas action. See ABA Standards for Criminal Justice, Defense Functions Standards and Commentary ('the resounding message is that defense attorneys, because of their intimate knowledge of the trail proceedings and their possession of unique information regarding possible post-conviction claims, have an obligation to cooperate with their client's attempt to challenge their convictions.") United States v Dorman, 58 M.J. 295 (C.A.A.F. 2003); Hiat v Clark, supra. See also Maxwell v Florida, 479 U.S. 972, 107 S. Ct. 474 (1986)("The right to effective assistance fully encompasses the client's right to obtain from trial counsel the work files generated during and pertinent to that client's defense. It further entitles the client to utilize materials contained in these files in any proceeding at which the adequacy of trial counsel's representation may be challenged"); Spivey v Zant, 683 F.2d 881, 885 (5th Cir. 1982) (Habeas corpus petitioner is entitled to former trial attorneys file and the work-product doctrine does not apply to situations in which the client seeks access to documents or other tangible things created during course of attorney's representation).

9

## VII. Defendant Preston's Aiding and Abetting
## to Breach Plaintiff's Attorney's Fiduciary Duty

According to the letter from Defendant Lynch (Exhibit " A ")
the Assistant United States Attorney made a deal with Defendant
Lynch to sign an agreement not to disclose any discovery or parts
of the case file to the Plaintiff. This violates the terms of the
plea agreement, as stated previously, and is unethical as the
Plaintiff retained his right top file ineffective assistance of
counsel, as stated previously.

Taking action to impede the production of the client's file
creates a barrier to filing any claims of ineffectiveness. Without
the case file, which belongs to the client, there would be no way
to investigate claims nor put together evidence of existing claims.

Under Indiana laws and State Bar rules this is aiding and
abetting to breach an attorney's fiduciary duty owed to a client.

"A breach of fiduciary duty is a tort claim for injury to
personal property." See City of E. Chicago, Ind. v E. Chicago
Second Century, Inc., 908 N.E.2d 611, 618 (Ind. 2009).

The Seventh Circuit has observed aiding and abetting liability
is not a separate or independent tort, but rather a theory for
holding a person liable who knowingly assists ("aids and abets"
in legal parlance) a wrongdoer. See Hefferman v Bass, 467 F.3d
596, 601 (7th Cir. 2006).

Indiana courts recognize liability for breach of fiduciary
duty. See G & N Aircraft, Inc v Boehm, 743 N.E.2d 227, 238 (Ind.
2001).

10

They also recognize aiding and abetting liability for torts in general. See _Pinkney v Thomas_, 583 F. Supp.2d 970, 978-979 (N.D. Ind. 2008)("Indiana courts have adopted Section 876 of the Restatement (Second) of Torts concerning aiding and abetting... for both intentional torts and negligence actions").

_Hellums v Raber_, 853 N.E.2d 143, 146-147 (Ind. Ct. App. 2006) (applying derivative liability rules to negligence claim).

_Malone v Walls_, 538 F.3d 744 (7th Cir. 2008) states in part: "[W]ith regard to a claim of ineffective assistance of counsel, prejudice may be based on the cumulative effect of multiple errors. Although a specific error, standing alone, may be insufficient to undermine the court's confidence in the outcome, multiple errors together may be sufficient."

Without access to the entire case file, the Plaintiff is unable to fully pursue these claims.

11

## VIII. Right to Punitive Damages

An award of punitive damages may be sustained where an attorney commits legal malpractice and/or breaches the fiduciary duty owed to the client. Punitive damages may be awarded upon clear and convincing evidence that the defendant acted with malice, fraud, gross negligence or oppressiveness which was not the result of a fact or law, honest error in judgement, overzealousness, mere negligence, or other human failing. Punitive damages are imposed to deter the defendant and others from engaging in like conduct in the future. All awards of punitive damages must be supported by a finding that the public interest will be served by punishing the wrongdoer. Punitive damages are especially appropriate if the wrongdoer occupies a position of trust with members of the general public as well as the victim. Under Ind. Code § 34-51-3-4, an award of punitive damages may not be more than the greater of: (1) three times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000).

## IX. Jury Trial Demanded

The Plaintiff demands that his rights to a jury trial is fully protected and unassailable.

Prayer For Relief

Wherefore, comes now, Trent Walker to pray this Honorable Court will grant him relief of Breach Of Fiduciary DUty and proceed to a jury trial to resolve the foregoing issues. And anything else the Court deems just and proper.

Respectfully Submitted,


_Trent A Walker_          6/ 7/2023

Trent Walker - 17186-028

Pro se

13

Exhibit "A"

Letter from Foster, O'Daniel Hambridge & Lynch
Dated: March 29, 2023

14

Date: 06/06/2023
Time: 3:03:46 PM

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Sensitive But Unclassified

Facility: MAR

### General Information

| | | | |
|---|---|---|---|
| Inmate Reg#: | 17186028 | Living Quarter: | D04-007L |
| Inmate Name: | WALKER, TRENT | Arrived From: | LEX |
| Current Site Name: | Marion USP | Transferred To: | |
| Housing Unit: | MAR-D-A | Account Creation Date: | 4/13/2020 |

### Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | National 6 Months Avg Daily Balance | Local Max. Balance -Prev. 30 Days | Average Balance- Prev. 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $2,866.32 | $2,947.86 | $259.65 | $505.21 | $348.51 | N/A | N/A |

Page 6

IN THE STATE OF INDIANA

VANDERBURGH SUPERIOR COURT
★ **FILED** ★

JUN 2 0 2023

CLERK

| | |
|---|---|
| Trent Walker <br> Plaintiff | Civil Case No. |
| vs | 82D05 2306 CT-2902 |
| Shaunda Lynch | |
| Tiffany Jacqueline Preston <br> Defendant(s) | |

## Request for Service of Citation

Comes now, Trent Walker, Plaintiff in the above entitled case number, asking that the Defendants in the case be served with a copy of the Complaint.

The service of Defendant Shaunda Lynch shall be at:

Foster, O'Daniel, Hambidge & Lynch
Attorneys-at-Law
3820 Oak Hill Road
Evansville, IN     47711

The service of Defendant Tiffany Jacqueline Preston shall be at:

United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN 42604

The Plaintiff further asks for notification of the service of each Defendant and the type of service used (Service processor, Sheriff, certified mail or electronically).

The Plaintiff is indigent, has no resources for state laws or procedures and is a federal prison in Illinois.

Respectfully Submitted;

Trent A Walker
Trent Walker
17186-028
Marion USP

Dated: 6 / 7 /2023

IN THE STATE OF INDIANA

<table>
<tr><td>

Trent Walker<br>
  Plaintiff

<br><br>
vs
<br><br>

Shaunda Lynch
<br><br>
Tiffany Jacqueline Preston<br>
  Defendant(s)

</td>
<td>
§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§
</td>
<td>

Civil Case No.

82D05 2306 CT-2902

VANDERBURGH SUPERIOR COURT<br>
★ FILED ★

JUN 20 2023

</td></tr>
</table>

IN FORMA PAUPERIS
(Indigent Status)

Comes now, Trent Walker, Plaintiff in the above entitled case number, asking that this Honorable Court grant indigent status to waive all fees and costs associated with this civil action. In support of this request the Plaintiff offers the following:

(1) The Plaintiff is an inmate in the United States Penitentiary located near Marion, Illinois;

(2) The Plaintiff does not have any real estate rentals or income from properties;

(3) The Plaintiff is not receiving any state benefit payments;

(4) The Plaintiff's National 6 Months Deposits has been $2,866.32;

(5) National 6 Months Average Daily Balance has been $259.65;

(6) The Plaintiff can not afford the costs and fees due to his indigent status, which includes attorney fees.

Prayer

Wherefore, for the reasons stated above, the Plaintiff prays that indigent status is granted for him, and all fees and costs are waived in this action.

Respectfully Submitted;

Trent Walker
17186-028
United States Penitentiary
P.O. Box 1000
Marion, IL    62959

I do swear, declare and certify that the foregoing is true and
correct under the penalty of perjury.

Executed: 6 / 11 /2023          Trent A Walker
                                Trent Walker
                                17186-028

IN THE STATE OF INDIANA

Trent Walker
    Plaintiff

    vs

Shaunda Lynch

Tiffany Jacqueline Preston
    Defendant(s)

§
§
§
§
§
§
§
§
§
§
§
§

Civil Case No.

82D05-2306-CT-2902

VANDERBURGH SUPERIOR COURT
★ **FILED** ★

JUN 20 2023

_____
CLERK

### Motion for Appointment of Counsel

Comes now, Trent Walker, Plaintiff in the above entitled case number, requesting that this Honorable Court grant appointment of counsel to assist with the case on the basis of his inability of fully investigating, researching state laws or rules, conducting discovery, and being able to possess certain materials because of his status as an inmate.

To support this motion the Plaintiff offers the following:

(1) The Plaintiff is currently incarcerated in the United States Penitentiary near Marion, Illinois;

(2) As a federal inmate, the Plaintiff is not given access to any state laws, case laws, resources, procedures or rules, as per the Bureau of Prison's Program Statement : Inmate Legal Activities;

(3) The Plaintiff does not have the financial resources to hire or retain an attorney to represent his interest in this case;

(4) The Plaintiff is not trained in the nuances of law or legal proceedings;

(5) The Plaintiff has filed for indigent status, since he does
   not have the available funds.

Prayer for Relief

Wherefore for the foregoing reasons, the Plaintiff prays this
Honorable Court will grant his Motion for Appointment of Counsel to
represent his interests in this case.

Respectfully Submitted,


_Trent A Walker_        6 / 7 /2023
Trent Walker - 17186-028

VANDERBURGH SUPERIOR COURT

**F I L E D**

STATE OF INDIANA      )
                    )  SS:
COUNTY OF VANDERBURGH  )

JUL 2 6 2023

*S. Hoyol*
CLERK

IN THE VANDERBURGH SUPERIOR COURT
2023 TERM

TRENT WALKER,       )
    Plaintiff,        )
                    )
V                    )  CAUSE NUMBER: 82D01-2306-CT-002902
                    )
SHAUNDA LYNCH,     )
TIFFANY PRESTON,    )
    Defendants.      )

## MOTION AND ORDER FOR SUPREME COURT TO NAME SPECIAL JUDGE

Comes now the Honorable Leslie C. Shively, Chief Judge, Vanderburgh Superior Court, and finds that all the Judicial Officers in District 26 have been named.

The matter was initially filed in the Vanderburgh Superior Court on June 20, 2023, and assigned to the Honorable Mary Margaret Lloyd, who recused due to conflict. On June 20, 2023, the Judges of the Vanderburgh Superior Court, by the Honorable Leslie C. Shively, recused en banc. All judges appointed by the Court Administrator since have also recused due to conflict. No other judges remain on the list for appointment to this matter.

Comes now the Vanderburgh Superior Court and certifies and refers this matter to the Indiana Supreme Court for the Appointment of a Special Judge pursuant to Indiana Trial Rule 79(K).

Dated this the 26st day of July, 2023.

Leslie C. Shively, Chief Judge
Vanderburgh Superior Court

# In the
# Indiana Supreme Court

TRENT WALKER

        Petitioner,

  V

SHAUNDA LYNCH,
TIFFANY PRESTON

      Defendants.

Supreme Court Case No.
23S-SJ-209

Trial Court Case No.
82D01-2306-CT-002902



FILED
Aug 01 2023, 4:53 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## Order Appointing Special Judge

    The Honorable Leslie C. Shively, Judge of the Vanderburgh County Superior Court, on his own motion, recuses himself and remands this cause to the Court for appointment of a special judge.

    And this Court, being duly advised, now finds that a special judge should be appointed to hear this matter in the Vanderburgh County Superior Court pursuant to Indiana Trial Rule 79.

    IT IS, THEREFORE, ORDERED that the Honorable Gregory A. Smith is appointed as special judge to hear this matter in the Vanderburgh County Superior Court. This order vests jurisdiction in Judge Smith. Pursuant to Indiana Trial Rule 79(K), an oath of office is not required.

    Done at Indianapolis, Indiana, on <u>8/1/2023</u>.

                                    Loretta H. Rush
                                    Chief Justice of Indiana

STATE OF INDIANA       )
                       ) SS:
COUNTY OF VANDERBURGH  )

IN THE VANDERBURGH SUPERIOR COURT

82D01-2306-CT-2902

TRENT WALKER,          )
          Plaintiff    )
                       )
v.                     )
                       )
SHAUNDA LYNCH,         )
          Defendant    )
TIFFANY PRESTON,       )
          Defendant    )

Vanderburgh Superior Court

# F I L E D

AUG - 7 2023

*ЄH̵ℓгℓ*
CLERK

## SPECIAL JUDGE OATH

*I, Gregory A. Smith, do solemnly swear that I will support the Constitution of the United States, and the Constitution of the State of Indiana, and that I will honestly and impartially discharge my duties as Special Judge in the case of; Trent Walker v Shaunda Lynch and Tiffany Preston, so help me God.*

*Gregory A. Smith*
_____
Gregory A. Smith, Special Judge

Subscribed and sworn to before me this 7th day of August , 2023.

CARLA J. HAYDEN, CLERK

By     MARY JUDGE          DEPUTY