UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TRENT WALKER, )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>SHAUNDA LYNCH, *et al.,* )<br>)<br>        Defendants. ) | Cause No. 3:23-cv-00131-JPH-MJD |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Trent Walker has sued his former criminal defense attorney, Shaunda Lynch, alleging that she breached her fiduciary duty to him by providing ineffective assistance of counsel during his federal criminal proceedings. He also sued the Assistant United States Attorney who led the prosecution, claiming that she added and abetted in Lynch's ineffective assistance. The Court must dismiss this Complaint for multiple reasons. First, the United States has not waived its sovereign immunity to be sued for Walker's claims. Second, the actions about which Walker complains – decisions made regarding the disclosure of evidence to him – are entitled to absolute prosecutorial immunity. Third, his claims are barred because, even if accepted as true, they necessarily imply the invalidity of his conviction. Finally, Mr. Walker has never submitted a Notice of Tort Claim to the Department of Justice regarding his allegations. For all of these reasons, the Court must dismiss Walker's Complaint against the United States of America.

1

## PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

### A. Walker Is Indicted and Pleads Guilty in District Court

On August 13, 2019, the Plaintiff, Trent Walker, was charged by criminal complaint in the United States District Court for the Southern District of Indiana. (ECF No. 1, *United States v. Walker,* Cause No. 3:20-cr-00112-RLY-MPB.) He was later indicted on several counts of sexual exploitation of children and possession and distribution of child pornography. (ECF No. 28.) The indictment was signed and filed by Assistant United States Attorney Tiffany Preston. (*Id.*)

Walker was appointed a Criminal Justice Act ("CJA") attorney, Shaunda Lynch, who represented him throughout the proceedings. (ECF No. 8, Cause No. 3:20-cr-00112-RLY-MPB.) Walker pled guilty to Counts 1 – 12 of Sexual Exploitation of a Child, Noticing and Advertising Child Pornography, Distribution of Child Pornography, and Possession of Child Pornography. (ECF No. 93.) He signed and stipulated to the factual basis, which contained detailed accounts of his criminal activity. (ECF No. 62 at 15 – 16, Cause No. 3:20-cr-00112-RLY-MPB.) Walker also averred in the plea agreement that he was fully satisfied with his counsel's representation during all phases of the case. (ECF No. 62 at 25, Cause No. 3:20-cr-00112-RLY-MPB.) Walker was convicted on November 15, 2021. (ECF No. 93.) He is currently incarcerated in the United States Penitentiary – Marion, Illinois, with an expected release date of July 27, 2198. (bop.gov/mobile/find_inmate/byname.jsp#inmate_results, visited August 22, 2023.)

### B. Walker Appeals and the Appeal is Dismissed

On November 22, 2021, Walker filed a Notice of Appeal from his conviction. (ECF No. 95, Cause No. 3:20-cr-00112-RLY-MPB.) He was appointed a new attorney on appeal and, on July 1, 2022, his counsel filed a motion to dismiss the appeal, which was granted by the Seventh Circuit. (ECF No. 108, Cause No. 3:20-cr-00012-RLY-MPB.)

### C. Walker Files a Post-Conviction Petition

On June 30, 2023, Walker filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 109, Cause No. 3:20-cr-00012-RLY-MPB.) This 2255 petition has been converted to a civil cause number, 3:23-cv-00101-RLY-MJD. In his petition, he alleges ineffective assistance of counsel by his CJA-appointed counsel, Ms. Lynch. (ECF No. 9 at 9, Cause No. 3:23-cv-00101-RLY-MJD.) One of his claims is that Lynch did not review discovery with him or provide him with his case file. (ECF No. 9 at 19-20, Cause No. 3:23-cv-00101-RLY-MJD.) The United States has been ordered to respond to the petition on or before September 29, 2023. (ECF No. 10, Cause No. 3:23-cv-00101-RLY-MJD.)

To date, Mr. Walker's conviction has not been overturned, expunged, or set aside. *See generally United States v. Walker,* Cause No. 3:20-cr-00112-RLY-MPB.

### D. Walker Files a Civil Lawsuit in Vanderburgh Superior Court

On June 20, 2023, Walker filed a lawsuit in Vanderburgh Superior Court, Indiana, against Shaunda Lynch and Tiffany Preston. (ECF No. 1.) The Complaint alleges that Lynch breached her "fiduciary duty" to him as his attorney by engaging in ineffective assistance of counsel and by withholding certain documents from him related to his federal criminal case. (ECF No. 1 at 9.) Specifically, he asserts that he entered into the guilty plea "on the advise [sic] of Defendant Lynch, after Lynch not having filed an motions to suppress, did not review the discovery with the Plaintiff, did not explain appeal process or collateral attacks, and having failed to properly inform of a previous plea agreement and the ramifications of such." (ECF No. 1 ¶ 11.)

As to AUSA Preston, the Complaint alleges that she aided and abetted in the "breach of fiduciary duty" because she "made a deal with Defendant Lynch" not to disclose discovery or parts of the case file to Walker. (ECF No. 1 at 10.) Walker seeks monetary damages. (*Id.* at 12.)

The United States has substituted itself as the real party in interest on behalf of AUSA Preston pursuant to the *Westfall Act*, 28 U.S.C. § 2679. (ECF No. 1-2.)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The Department of Justice has conducted a search of its Records Systems and has no record of Trent Walker submitting a Notice of Tort Claim to the Department of Justice. Ex. 1, Declaration of Elijah Jenkins, ¶ 3.

## LEGAL STANDARD

A party may bring a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a claim for which a plaintiff is not entitled to relief. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (citation omitted)). In other words, a plaintiff's complaint must "provide the 'grounds' of her 'entitle[ment] to relief'" based upon more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2009) (quoting *Bell Atl. Corp.,* 550 U.S. at 570). In ruling on a Rule 12(b)(6) motion to dismiss, the

4

court accepts as true all of the well-pled facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## ARGUMENT

### A.  Walker's Claims Are Barred Under the FTCA

The United States enjoys complete immunity from suits by its citizens unless it waives that immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States must expressly and unambiguously waive its sovereign immunity before it may be subject to suit. *See United States v. Idaho ex rel Director, Idaho Dep't of Water Resources*, 508 U.S. 1, 6 (1993). Such waivers must be construed narrowly. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992).

Under the Federal Tort Claims Act ("FTCA"), the United States has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment. 28 U.S.C. § 1346(b). However, the FTCA contains specific exceptions retaining sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ." 28 U.S.C. § 2680(h).

"To determine whether a claim is one 'arising out of' any of these enumerated torts, the court must focus on the conduct upon which the plaintiff's claim is based." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). "Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred 'when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action.'" *Id.* (quoting *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993) ("A plaintiff cannot circumvent the purpose of section

2680(h) by framing his complaint in terms of [the Government's] negligent failure to prevent the excepted harm.")); *Garcia v. United States*, 776 F.2d 116, 118 (5th Cir.1985) (same); *Wright v. Linhardt*, 2000 WL 92810, *11 (D. Or. Jan. 18, 2000) (dismissing claim that AUSAs violated civil RICO statues as barred by 2680(h)).

Walker's claims are based on his allegations that AUSA Preston "made a deal with Defendant Lynch" to not to disclose parts of his file to him, which then led to his guilty plea. (ECF No. 1 at 10.) These allegations of misconduct are essential to and clearly encompassed by claims for malicious prosecution, abuse of process, misrepresentation, and deceit. *See Tinkoff v. United States*, 211 F.2d 890, 892 (7th Cir. 1954) (plaintiff claimed that his conviction was obtained as a result of a conspiracy among government officials, including the prosecution, to use perjured testimony, and the conspiracy was ongoing as the conspirators refused to make available evidence that would have established his innocence. The court reasoned that his claims were barred by section 2680(h) because, "[w]hile plaintiff does not label his action as one for false imprisonment or malicious prosecution, we think it is clearly encompassed within such terms."). *See also Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994) (court refused to allow the plaintiff to bring a claim for malicious prosecution against the United States under the FTCA based on actions of the federal prosecutors).

Because the United States has not waived its sovereign immunity to be sued for the claims Walker makes in this case, the Court must dismiss his Complaint with prejudice.

**B.     The United States Is Entitled to Absolute Prosecutorial Immunity**

In the alternative, Walker's tort claim must be dismissed because the United States is entitled to absolute prosecutorial immunity for the allegations against AUSA Preston.

Prosecutors enjoy absolute immunity from federal tort liability for their work as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). This immunity is intended to prevent any threat that harassing civil litigation might interfere with prosecutors' independent judgment and their duties to the public. *Id*. at 422–23.

Additionally, this immunity is extended to the United States in FTCA lawsuits. Section 2674 of the FTCA provides in relevant part: "With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled." 28 U.S.C.A. § 2674. *See also Tinsley v. Widener*, 150 F. Supp. 2d 7, 12 (D. D.C. 2001) (judicial immunity protects United States from FTCA suit); *Buck v. Stewart*, 2008 WL 901716, at *4 (D. Utah March 31, 2008) (United States possesses judicial immunity as to FTCA claims where individual judicial defendants are immune); *Dockery v. United States*, 2008 WL 345545, at *2 (S.D. Fla. Feb. 6, 2008) (same); *Lawrence v. Conlon*, 1995 WL 153273, at *5 (N.D. Ill. April 6, 1995) (federal officers performing judicial functions are entitled to absolute judicial immunity from claims brought under FTCA); *Flynn v. Dyzwilewski*, 644 F. Supp. 769, 773 (N.D. Ill. 1986).

This immunity follows the work done by a prosecutor as a prosecutor; it does not necessarily apply to every official action by a person who holds office as a prosecutor. Courts therefore apply a functional test to determine whether absolute immunity applies to a particular claim. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The functional test focuses on "the nature of the function" the prosecutor performed, not simply the position she held. *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). The question is whether the prosecutor was acting

7

as an advocate in the challenged actions or was instead acting in some other capacity, such as investigator or administrator. *Id.* at 273.

  Here, Walker alleges that his attorney did not disclose portions of his case file to him or properly review discovery materials with him, which constituted ineffective assistance. He further alleges that AUSA Preston "aided and abetted" in this failure because she entered into an agreement with Lynch not to provide certain materials to Walker. Even assuming Walker's allegations as true, decisions regarding what discovery to disclose to defense counsel, and the manner in which to disclose those materials, are prosecutorial. Indeed, both the Supreme Court and the Seventh Circuit have held that claims that a prosecutor withheld evidence or failed to disclose evidence (even exculpatory evidence, which is not alleged here) are prosecutorial in nature and are thus entitled to absolute immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (holding that prosecutor enjoyed absolute immunity for failure to provide information to criminal defendant and his counsel); *Fields v. Wharrie ("Fields I")*, 672 F.3d 505, 514 (7th Cir. 2012) (finding that "*Brady* and *Giglio* violations . . . are . . . inherently prosecutorial in nature" and thus are entitled to absolute immunity). The United States is entitled to absolute immunity as to this claim.

  To the extent that Walker is arguing that AUSA Preston withheld documents from him after the conviction, this claim would fail as well. This is because a prosecutor is absolutely immune from claims that she failed to reveal material evidence to the defense, even if that prosecutor is no longer involved in the case. *Fields I*, 672 F.3d at 513 ("[T]he immunity attendant to [the defendant-prosecutor's] prosecutorial disclosure obligation survives his departure from the courtroom as well."); *see also Tillman v. Burge*, 813 F. Supp. 2d 946, 966 (N.D. Ill. July 20, 2011) (holding under Illinois law that "[p]rosecutors remain immune from

8

having to divulge exculpatory information they obtained while prosecutors, even after they are no longer prosecutors.") (quoting *Kitchen v. Burge*, 781 F. Supp. 2d 721, 731 (N.D. Ill. 2011)); *Gordon v. Devine*, 2008 WL 4594354, at *12 (N.D. Ill. Oct. 14, 2008) (holding that suppression of evidence by prosecutor "fit[s] soundly within the protection of absolute immunity afforded to prosecutors").

Because the United States is entitled to absolute immunity for the claims Walker makes in this case, the Court must dismiss his Complaint with prejudice.

    **C.**    **Walker Cannot Bring His Ineffective Assistance Claim In a Civil Lawsuit**

Additionally, Walker's civil lawsuit cannot proceed because a judgment in his favor would necessarily imply the invalidity of his conviction and sentence, which have not been reversed. Because he is seeking to assert ineffective assistance of counsel claim, the federal court can consider such a claim only in the context of a petition for post-conviction relief. 28 U.S.C. § 2255; *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

The *Heck* doctrine bars a claim that necessarily implies the invalidity of a criminal conviction unless the plaintiff can show that the conviction has been invalidated. *Heck*, 512 U.S. at 486–87; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (holding *Heck* bar applies to *Bivens* claims). *Heck* also applies to FTCA claims. *McIntosh v. United States*, 2022 WL 1092142, *5 (N.D. Ill. April 12, 2022) (citing *Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) (*Heck* bars FTCA damage claim going to underlying conviction if conviction is still in place)); *see also Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (*Heck* applies to 28 U.S.C. § 1331 civil rights actions). Nor may the court convert a civil complaint into a habeas petition, which Walker has already filed at any rate. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

Here, although styled as a "breach of fiduciary duty," Walker is plainly alleging ineffective assistance of counsel; specifically, that his attorney did not disclose discovery materials to him or review those materials with him before he pled guilty. Walker's claim that – but for his attorney's withholding of his file, he would not have pled guilty or signed the plea agreement – presents a direct challenge to his guilty plea and conviction. Because Walker's conviction has never been reversed – indeed, a similar argument has been made in his 28 U.S.C. § 2255 petition—*Heck* bars this claim. *See, e.g., Dixon v. McGuire*, 2011 WL 2518958, *2 (N.D. Ill. June 22, 2011) (dismissing claim that appellate defender conspired with the court clerk to falsify the docket and destroy evidence in plaintiff's favor).

Based on the foregoing, the Court must dismiss Walker's Complaint with prejudice.

### D.     Walker Has Not Submitted a Notice of Tort Claim

Should the Court decide to allow Walker's claim to proceed as a legal matter, it must still be dismissed without prejudice because he did not submit a Notice of Tort Claim to the Department of Justice before filing suit.

It is well-settled that the United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). The FTCA is a limited waiver of the United States' sovereign immunity. *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (citing *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006)). In it, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees in certain circumstances. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). As such, the FTCA is the exclusive remedy for any tort claim arising from the negligence of a government employee

acting within the scope of her employment. *Couch*, 694 F.3d at 856 (citing 28 U.S.C. § 2679(b)(1)).

Because the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-95 (1990); *McCall v. United States*, 310 F.3d 984, 988 (7th Cir. 2002). Thus, a plaintiff's failure to exhaust his administrative remedies under the FTCA prior to suit mandates dismissal of those claims. *See* 28 U.S.C. § 2675(a) (providing that a claimant "shall have first presented the claim to the appropriate Federal agency); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *White v. United States*, Case No. 1:21-cv-01833-JPH-MKK (S.D. Ind. Feb. 15, 2023) (ECF No. 51) (granting summary judgment in United States' favor where Plaintiff filed lawsuit before submitting tort claim notice to agency).

Pursuant to 28 U.S.C. § 2672, the Attorney General promulgated 28 C.F.R. § 14.2, which defines a claim and makes clear that for purposes of 28 U.S.C. § 2401(b) "a claim shall be deemed to be presented when a Federal agency receives from the claimant [a claim]." 28 C.F.R. § 14.2(a). And once the government produces an affidavit stating that the claim was never received by the agency, the plaintiff must offer evidence to contradict that government affidavit. *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985); *see also Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994) ("It is the plaintiff's burden to establish the proper agency's receipt of the request for reconsideration.").

The general rule under the FTCA is that "a tort claim accrues at the time of the plaintiff's injury." *United States v. Kubrick*, 444 U.S. 111, 120 (1979). Walker then has two years from that

date to submit a timely Notice of Tort Claim to the agency. But to date he has not presented a claim to the Department of Justice related to his allegations in this case. Ex. 1, Jenkins Decl., ¶ 3.

Accordingly, his claim must be dismissed. *McNeil*, 508 U.S. at 112-113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

## CONCLUSION

Based on the foregoing, the Defendant the United States of America respectfully requests that the Court dismiss all of Walker's claims against it with prejudice or, in the alternative, without prejudice for failure to exhaust his administrative remedies.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By: *s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on August 28, 2023, the following document was filed electronically through the Court's CM/ECF system.  On this same date, I have served as copy of the foregoing upon the following by first class mail prepaid:

Trent Walker
Inmate No. 17186-028
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

*s/ Shelese Woods*
Shelese Woods
Assistant United States Attorney
